**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2891
_____

UNITED STATES OF AMERICA

v.

RASHEED HARGROVE, a/k/a O.G.,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:01-cr-00538-001)
District Judge: Honorable Jose L. Linares (Retired)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 10, 2019

Before: JORDAN, BIBAS, and NYGAARD, *Circuit Judges*

(Filed: August 28, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

District courts enjoy broad discretion over whether to reduce sentences and how much. But they must justify their decisions, even if they do so succinctly. The District Court here reduced Rasheed Hargrove's life sentence to forty years. On appeal, he claims that the District Court did not do enough to justify that new sentence. But it did, so we will affirm.

## I. BACKGROUND

Hargrove led the Third World Crips gang. The Crips were the exclusive suppliers of heroin and cocaine in East Newark, New Jersey. They controlled the Hyatt Court housing project and treated its residents brutally: pistol-whipping them, mauling them with pit bulls, and jamming their faces up against burning-hot radiators. Hargrove actively took part in both the drug dealing and the brutality.

A jury convicted him of one count of conspiracy to distribute heroin and crack cocaine and two counts of distributing heroin. At the time, the U.S. Sentencing Guidelines mandated a life sentence for his crimes. So the District Court sentenced him to life in prison, and we affirmed. *United States v. Johnson*, 89 F. App'x 781, 788 (3d Cir. 2004).

A decade later, the U.S. Sentencing Commission retroactively lowered the Guidelines ranges for most drug crimes. U.S.S.G. App. C, amend. 782 (2014); U.S.S.G. § 1B1.10(d). Hargrove's new range was thirty years to life. He moved for a thirty-year sentence. But the District Court reduced his sentence to forty years instead.

In its order, the District Court said that it had granted the reduction based on the new Guidelines range, after considering the requisite statutory sentencing factors and the

2

Commission's policy statements. It then listed the parts of the record it considered in finding forty years appropriate.

Hargrove appeals, again seeking a thirty-year sentence. We recently addressed an analogous appeal by his codefendant Erik Johnson. *United States v. Johnson*, 745 F. App'x 464, 464–65 (3d Cir. 2018). We affirmed Johnson's sentence, and we will affirm Hargrove's as well.

## II. THE DISTRICT COURT MEANINGFULLY CONSIDERED THE RELEVANT FACTORS AND EXPLAINED ITS RESENTENCING

Hargrove argues that the District Court neither meaningfully considered his arguments for a lower sentence nor explained why it accepted them only in part. He says that the Court did not give enough weight to his history and characteristics; the crime's nature and circumstances; the reduced need to deter, incapacitate, inflict retribution, and encourage guilty pleas; and the need to reduce prison overcrowding. 18 U.S.C. §3553(a)(1), (2); U.S.S.G. App. C, amend. 782, Reason for Amendment (2014). We review appeals of sentence reductions for abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 205 (3d Cir. 2016).

If the Commission lowers the sentencing range for a prisoner's crimes, a district court may then reduce his sentence. 18 U.S.C. §3582(c)(2). But a sentence reduction is a "limited adjustment to an otherwise final sentence." *Dillon v. United States*, 560 U.S. 817, 826 (2010). When it modifies a sentence, the court must consider the applicable sentencing factors under §3553(a) and make sure that any sentence reduction is consistent with the relevant Commission policy statements. 18 U.S.C. §3582(a), (c)(2).

3

At an original sentencing, the court must consider both sides' colorable arguments and must explain its sentence. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963–64 (2018); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). The Supreme Court, however, has not yet decided whether a district court must follow these same steps when it modifies a sentence. *Chavez-Meza*, 138 S. Ct. at 1965. We need not resolve that issue here.

Even if it must consider both sides' arguments in addition to the sentencing factors and the policy statements, the District Court did so here. It addressed all the factors that Hargrove raised. It considered the relevant § 3553(a) factors. It considered his crimes, his repeated misbehavior in prison, and his age relative to his remaining sentence. It also considered the parties' arguments, which canvassed at length these factors as well as the policies behind the Guidelines amendment. And after hearing all this, it explained that the forty-year sentence was appropriate.

The District Court had Hargrove's entire record before it when it decided his motion. That record included Hargrove's violent criminal record and his victims' testimony. Given the severity of his crimes and his repeated, often violent misconduct in prison, "it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate." *Chavez-Meza*, 138 S. Ct. at 1967.

The District Court's brief statement, along with the accompanying record, sufficed to explain the new sentence. This "explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge." *Id.* at 1968. So the Court did not abuse its discretion, and we will affirm.

4